UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ELI CORUM | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:22-CV-00241-DCLC-DCP |
| ROBERT M. WENSLEY and<br>DONOVAN RUFFIN, | ) |
|     Defendants. | ) |

## AMENDED VERIFIED COMPLAINT

Comes now Eli Corum, by and through counsel, and respectfully submits this Amended Verified Complaint against the Defendants, Robert Wensley and Donovan Ruffin. In support, Plaintiff states as follows:

## PARTIES

1. Eli Corum ("Mr. Corum") is a citizen and resident of Knox County, Tennessee.

2. Robert Wensley ("Mr. Wensley") is a citizen and resident of Middleburg, Virginia. He may be served with process at 23320 Forsythia Lane, Middleburg, VA 20117.

3. Donovan Ruffin ("Mr. Ruffin") is a citizen and resident of McKinney, Texas. He may be served with process at 6301 Avalon Woods Drive, McKinney, Texas 75072.

## JURISDICTION AND VENUE

4. As a court of general jurisdiction and equity, this Court has subject matter jurisdiction over Plaintiff's causes of action pursuant to Tenn. Code Ann. §§ 16-11-101, *et seq.*

5. This Court is the proper venue for these causes of action because the events giving rise to Plaintiff's causes of action occurred in Knox County, Tennessee.

# FACTUAL ALLEGATIONS

6. Mr. Corum is licensed real estate agent and broker working out of Knoxville, Tennessee, his hometown.

7. At only twenty-eight (28), through dedication and hard work, Mr. Corum has built a reputation for knowledge, excellence, and integrity throughout the real estate community and among his past, current, and future clients.

8. Defendant Wensley is the CEO of InvestorLift, a program for wholesalers[1] that locates buyers nationwide, provides wholesalers with information on properties buyers previously purchased (including the price), and lets the wholesaler market properties to them.

9. Defendant Ruffin is a self-proclaimed motivational speaker, CEO of Ruffin Real Estate Investments, LLC, and Equity Cash Offer, LLC, reality TV star, and featured wholesaler on InvestorLift.

10. Neither Defendant Wensley nor Defendant Ruffin had ever interacted with Mr. Corum before the events leading up to this lawsuit.

11. On December 24, 2021, Mr. Corum purchased 112 Greenbrier Drive, Knoxville, Tennessee 37919 (the "Property").

---

[1] "Real estate wholesaling is a business strategy in which a wholesaler enters into a contract on a home before eventually selling the contract to a new buyer. The wholesaler acts like an intermediary, selling the property on behalf of the property owner and keeping the profit." *What is Real Estate Wholesaling?*, THE BALANCE (last visited Feb. 23, 2022), https://www.thebalance.com/what-is-real-estate-wholesaling-5191682.



12. This was a routine purchase for Mr. Corum, who regular buys and sells homes in the Knoxville community.

13. Mr. Corum subsequently sold the Property. That should have been the end of things.

14. However, unbeknownst to Mr. Corum, Defendant Wensley and Defendant Ruffin had also been interested in buying the Property and they became **absolutely volatile** when they discovered Mr. Corum's purchase.

15. After Mr. Corum sold the Property, Defendant Wensley made the following post to his 700 followers:



Attached as **Exhibit A.**

16. Defendant Wensley's call to "start hanging bodies" was met with enthusiasm, from his over 700 followers, particularly from Defendant Ruffin.



Attached as Collective **Exhibit B**.

17. Shortly after, Defendant Ruffin took up Defendant Wensley's call and started harassing Mr. Corum, a total stranger, directly.

18. On February 17, 2021, Defendant Ruffin messaged Mr. Corum out of the blue on Facebook accusing him of "stealing from wholesalers," telling Mr. Corum he had "stole from the wrong people," calling him a "scumbag," and insulting his mother:

 

Attached as Collective **Exhibit C**.

19. When Mr. Corum requested Defendant Ruffin to stop the harassment and offered to discuss the matter, Defendant Ruffin threatened him once more – "Harassment isn't [sic] even close to whats [sic] coming to you dude[.]"



Attached as **Collective Exhibit C.**

20. Mr. Corum had good reason to find Defendant Ruffin's threats credible, Mr. Ruffin was charged with felony aggravated assault causing serious bodily injury in 2012.



Attached as **Exhibit D.**

21. Not content to just harass Mr. Corum in private, Defendant Ruffin took his harassment public, accusing Mr. Corum of stealing on Instagram, which was visible to everyone, including Mr. Corum's 1,205 followers.

22. On a Mr. Corum's unrelated posts, Defendant Ruffin began disparaging Mr. Corum publicly to his friends, family, and customers:







Attached as **Collective Exhibit E**.

23. Defendant Ruffin then began intentionally seeking out Mr. Corum's customers and associates, spreading lies about Mr. Corum, falsely stating that Mr. Corum was involved in a "massive lawsuit" for stealing from other real estate agents, and encouraging them to stop doing business with Mr. Corum altogether.



(Attached as **Exhibit F**, Carina Brown's Instagram message to Mr. Corum)

24. Defendant Ruffin's lies spread quickly throughout the Knoxville real estate community and Mr. Corum was shortly inundated with messages questioning his integrity propagating Defendant Ruffin's defamatory statements.

> **ME**
> What's the friend who said to avoid Eli?
>
> **KRISTEN**
> Her names carina brown but she didn't say avoid him, she bought a house from him. Some random guy from Texas messaged her saying to avoid him and he's sleezy and all kinds of stuff

(Attached as **Exhibit G**, Jordan Mitchell SnapChat message with Kristen)

      25.     At the same time, Mr. Corum was having to contend with Defendant Ruffin's direct harassment, he was also having to deal with the fallout from Defendant Wensley's post, which had made its way to his existing and potential customers and associates.



(Attached as **Exhibit H**, Mr. Corum's text message from Will Sims)

      26.     Mr. Corum has attempted to speak with the Defendants in a civilized manner. They insist on harassing him, threating him, spreading lies, damaging his reputation, and ruining his business.

      27.     Because of their continued harassment, Mr. Corum is suffering from serious mental anguish.

      28.     At this point, Mr. Corum has no other option than to institute litigation to protect his personal and professional reputation.

# COUNT I
# DEFAMATION

29. Plaintiff incorporates the averments of Paragraphs 1 through 28 as if set forth herein verbatim.

30. The Defendants have made numerous defamatory statements in the form of verbal and written allegations, including text and social media postings, about Mr. Corum.

31. The Defendants made each defamatory statement with knowledge that the statements were false and defaming to Mr. Corum.

32. The Defendants acted with a reckless disregard for the truth of the statements when the Defendants made the oral and written statements on multiple occasions.

33. As a direct and proximate result of the Defendants' defamatory statements, Mr. Corum has sustained, and continues to sustain, substantial damages.

# COUNT II
# FALSE LIGHT

34. Plaintiff incorporates the averments of Paragraphs 1 through 33 as if set forth herein verbatim.

35. Defendants Wensley and Ruffin made public statements accusing Mr. Corum stealing housing contracts from other realtors and wholesalers.

36. The statements of Defendants Wensley and Ruffin portrayed Mr. Corum in a false or misleading light.

37. The statements of Defendants Wensley and Ruffin contained information that is highly offensive or embarrassing to a reasonable person of ordinary sensibilities.

38. The Defendants published these statements with reckless disregard as to their offensiveness.

39. As a direct and proximate result of the Defendants' false statements, Mr. Corum has sustained, and continues to sustain, substantial damages.

## COUNT III
## INTENTIONAL/ NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff incorporates the averments of Paragraphs 1 through 39 as if set forth herein verbatim.

41. The Defendants intentionally acted with recklessness by knowingly making false statements concerning Plaintiff and threatening to harm him and his business.

27. The Defendants' conduct was so outrageous that it cannot be tolerated by civilized society.

42. Mr. Corum's serious mental anguish was a direct result of Defendant's reckless conduct.

## COUNT IV
## INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIP

43. Plaintiff incorporates the averments of Paragraphs 1 through 42 as if set forth herein verbatim.

44. Mr. Corum had an existing business relationship specific third parties, including Carina Brown and Will Sims, and had a prospective business relationship with specific third parties, including other realtors in the Knoxville community.

45. Defendants Wensley and Ruffin had knowledge of these existing and prospective business relationships.

46. Defendants Wensley and Ruffin intended to cause of breach of these existing and prospective business relationship.

47. The Defendants had an improper motive and used improper means to cause a breach or termination of Mr. Corum's existing and prospective business relationships.

48. Mr. Corum has suffered damages resulting from the Defendants tortious interference.

## COUNT V
## CIVIL CONSPIRACY

49. Plaintiff incorporates the averments of Paragraphs 1 through 48 as if set forth herein verbatim.

50. Defendant Wensley and Defendant Ruffin engaged in a common scheme to harass, defame, and financially ruin Mr. Corum.

51. Defendants Wensley and Ruffin attempted to accomplish this scheme by concerted action.

52. This concerted action was done for an unlawful purpose (to drain Mr. Corum's finances and bankrupt his business) and by unlawful means (defaming Mr. Corum verbally and in writing and by tortiously interfering in his current and prospective business relationships).

53. Defendants Wensley and Ruffin engaged in several overt acts in furtherance of this conspiracy, including making both written and verbal defamatory statements and contacting his current and potential business relationships.

54. As a direct and proximate cause of these overt actions, Mr. Corum has been harmed.

55. Defendants Wensley and Ruffin acted maliciously, intentionally, fraudulently, and/or recklessly, and Mr. Corum is entitled to punitive damages.

## COUNT VI
## ASSAULT

56. Plaintiff incorporates the averments of Paragraphs 1 through 55 as if set forth herein verbatim.

57. Defendant Wensley made an intentional attempt or the unmistakable appearance of an intentional attempt to harm or frighten Mr. Corum when he posted a public call to his 700 followers to: (1) "start hanging bodies from bridges to send a message that nobody fucks with the InvestorLift Cartel,"; (2) "Work together to make a public example of the assholes that abuse our network,"; (3) named Mr. Corum as the "guy at the very top of the hit list"; and (4) threatened to "put the fear of god" into Mr. Corum.

58. Defendant Ruffin made an intentional attempt or the unmistakable appearance of an intentional attempt to harm or frighten Mr. Corum when he directly messaged Mr. Corum stating "harassment isnt even close to whats coming to you."

59. Defendant Wensley had the present ability or the unmistakable appearance of the present ability to do that harm or to cause that fright due to his massive net worth, national connections, and over seven hundred followers in locations across the United States.

60. Defendant Ruffin had the present ability or the unmistakable appearance of the present ability to do that harm or to cause that fright due to his massive net worth and national connections.

## COUNT VII
## TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

61. Plaintiff incorporates the averments of Paragraphs 1 through 60 as if set forth herein verbatim.

62. Because of the Defendants' actions, Mr. Corum's rights have been violated and he is suffering immediate and irreparable injury, loss, and/or damage. This injury, loss and/or damage will continue to occur until the Defendants can be heard in opposition this Amended Verified Complaint. The Defendants will continue to defame Mr. Corum and interfere with his existing and prospective business relationships if they are not enjoined.

63. Due to the Defendants' actions, Mr. Corum is entitled to equitable relief against the Defendants. Specifically, the Defendants should be enjoined from posting about Mr. Corum on any social media platforms, contacting Mr. Corum's existing and current business relationships, and contacting Mr. Corum.

**WHEREFORE**, Mr. Corum respectfully requests that this Court:

1. Issue process and require Defendants Wensley and Ruffin to answer this Amended Verified Complaint within the time permitted by law;

2. Grant a temporary restraining order and injunction prohibiting the Defendants from posting about Mr. Corum on any social media platforms, contacting Mr. Corum's existing and current business relationships, and contacting Mr. Corum;

3. Find the Defendants liable for the above causes of action and award Mr. Corum a money judgment of fifty thousand dollars ($50,000.00), plus costs, pre-judgment and post-judgment interest;

4. Find that the Defendants acted egregiously and award Mr. Corum punitive damages in an amount not to exceed $2,000,000.00; and

5. Award such other and further relief to which Mr. Corum may be entitled.

Respectfully submitted,

**BROCK | SHIPE | KLENK PLC**


By: */s/ Luke D. Durham*
    Luke D. Durham (BPR #031106)
    Avery C. Lovingfoss (BPR #037628)
265 Brookview Centre Way, Suite 604
Knoxville, TN 37919
Telephone:865-338-9700
Direct: 865-338-9728
LDurham@BSKplc.com
ALovingfoss@BSKplc.com


**CERTIFICATE OF SERVICE**

    I hereby certify that on this 21st day of July, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.


                                          */s/ Luke D. Durham*